In the

# United States Court of Appeals

## For the Seventh Circuit

_____

No. 23-2081

JUAN SANTIAGO LOPEZ,

*Petitioner*,

*v.*

MERRICK B. GARLAND, Attorney General of the United States,

*Respondent*.

_____

Petition for Review of an Order of the
Board of Immigration Appeals.
No. A205-153-310

_____

ARGUED JANUARY 18, 2024 — DECIDED JUNE 24, 2024

_____

Before RIPPLE, BRENNAN, and SCUDDER, *Circuit Judges*.

SCUDDER, *Circuit Judge*. Juan Santiago Lopez, a native and citizen of Mexico, seeks our review of an immigration judge's denial of his request for cancellation of removal. Pointing to his family circumstances—especially the obligation that would befall his wife to care for their four young children—Santiago Lopez contends that the equities favored cancellation. Because the record before us shows that this position roots itself entirely in a challenge to the immigration judge's

exercise of discretion, we must dismiss his petition for lack of jurisdiction. The Supreme Court's decision earlier this year in *Wilkinson v. Garland* makes clear that we lack jurisdiction to review any substantive challenge to an immigration judge's discretionary decision denying cancellation of removal. We also reject Santiago Lopez's separate argument that missing time and date information in his Notice to Appear requires termination of removal proceedings.

**I**

A

Santiago Lopez's immigration troubles began more than a decade ago in Wisconsin. Shortly after he received his third criminal conviction for operating a vehicle while intoxicated in 2012, the Department of Homeland Security initiated removal proceedings against him. Santiago Lopez attended his first master calendar hearing in March 2013, at which point the immigration judge continued the case to allow more time for the retention of counsel.

At the next hearing in January 2014, counsel for Santiago Lopez objected to a substantive deficiency in the Notice to Appear but raised no concern over the document omitting time and date information. After the Department cured the substantive deficiency, Santiago Lopez conceded his removability under 8 U.S.C. § 1227(a)(1)(B) but applied for cancellation-of-removal relief under 8 U.S.C. § 1229b.

The final hearing on the cancellation request took place in March 2018. Santiago Lopez testified that he entered the United States in 2001. He took a job at a pork company in Wisconsin, and remained in the country past the seven-month limit on his H-2B visa. He explained that he worked at the

pork company for many years while his wife, Eulalia, stayed home to care for the couple's four young children—ages one, three, four, and six at the time of the 2018 hearing. Santiago Lopez then testified that removal would force his wife to find employment despite having no family members in the area who could help care for his children. Nor was relocating his family to Mexico much of an option because finding work in his hometown of Oaxaca would be difficult (most likely farming work). He added that his father, mother, and siblings worked so much that they would not be able to help his wife and children transition to a new way of life in a new country.

But there are less sympathetic facts. Since arriving in the United States, Santiago Lopez has accumulated three convictions in Wisconsin for driving while intoxicated. He received his first conviction in 2009 after swerving off a highway—apparently leaving his car at the scene of the accident and failing to report the incident to police until the following day. The second conviction came in 2011, prompting Santiago Lopez to profess that he would not drive drunk again. But less than a year later came a third conviction for drunk driving and for failing to install a court-ordered ignition breathalyzer device. The record also shows that Santiago Lopez never sought treatment for his drinking problem. At the March 2018 hearing both he and his wife insisted that he stopped drinking in 2012 and has since avoided any encounters with the police.

B

The immigration judge denied Santiago Lopez's request for cancellation-of-removal relief but granted his request for voluntary departure in lieu of removal. The immigration judge's reasoning was clear: "Assuming *arguendo* that the respondent has established the statutory eligibility for

cancellation of removal, the court would deny relief as a matter of discretion."

After listing "the factors which must be considered to determine whether a favorable exercise of discretion is warranted" under *Matter of Marin*, 16 I&N Dec. 581 (BIA 1978), the immigration judge highlighted the equities in Santiago Lopez's favor:

> Several factors in the respondent's case support a favorable exercise of discretion. The respondent has been in the United States for nearly twenty years. He has worked for the same company for most of that time and has filed federal income tax returns. The respondent's four children are United States citizens.

But from there the immigration judge underscored that Santiago Lopez's "record of drinking and driving in the United States outweighs these positive equities." The judge emphasized the serious nature of the offenses and Santiago Lopez's failure to seek any treatment for his drinking problem. In the final analysis, then, the immigration judge explained that "[w]eighing the respondent's positive equities in the United States against his dangerous history of drinking and driving, driving without a valid license, general disregard for the laws of the United States, and disregard for the lives of others, coupled with his failure to pursue any counseling or alcohol education or rehabilitation classes, the court concludes that he does not merit a favorable exercise of discretion."

The Board of Immigration Appeals affirmed, finding no reason to question the immigration judge's reasoning. The

Board separately rejected Santiago Lopez's contention that the missing date and time information in the initial Notice to Appear stripped it of jurisdiction over the removal proceedings.

Santiago Lopez then petitioned for our review.

## II

### A

Non-citizens in active removal proceedings may apply for a type of discretionary relief called "cancellation of removal." See 8 U.S.C § 1229b. A non-citizen can demonstrate eligibility for cancellation by establishing ten years of continuous physical presence in the United States, good moral character, no disqualifying criminal convictions, and extreme hardship if removed. See *id.* § 1229b(b)(1). The analysis then proceeds to a second step, at which the petitioner must persuade the immigration judge that he "merits a favorable exercise of discretion." *Id.* § 1229a(c)(4)(A)(ii); see also *Wilkinson v. Garland*, 601 U.S. 209, 213 (2024) (outlining the same statutory criteria and sequential analysis).

### B

Recall that the immigration judge assumed Santiago Lopez's eligibility for cancellation of removal. This had a consequence—it left Santiago Lopez with only one adverse decision to challenge on appeal: the discretionary denial of relief at step two. See *Patel v. Garland*, 596 U.S. 328, 332 (2022) (explaining that the judge "need not address eligibility at all" upon "decid[ing] that denial would be appropriate regardless of eligibility"). In targeting that decision, Santiago Lopez contends that his family circumstances weighed in favor of an

exercise of discretion to grant his request for cancellation of removal.

Beyond conveying that much, however, Santiago Lopez's petition lacks clarity. At times he seems to contend that the immigration judge made a substantive error in weighing the equities at step two, yet he also seems to make the different point that the immigration judge committed a procedural error at step two by altogether ignoring evidence bearing on his family circumstances. Even at oral argument, Santiago Lopez's counsel could not tell us whether he intended to press a substantive or procedural argument.

The distinction matters. We lack jurisdiction to review cancellation-of-removal decisions that do not involve "constitutional claims or *questions of law*." See 8 U.S.C. § 1252(a)(2)(B), (D) (emphasis added). Procedural arguments, we have explained, are "questions of law." See *Martinez-Baez v. Wilkinson*, 986 F.3d 966, 976, 978 (7th Cir. 2021) (explaining that a "procedural" contention "that the [Board] has completely ignored the evidence put forth by a petitioner" amounts to an allegation of "legal" error for purposes of § 1252(a)(2)(D) (internal quotation marks omitted)).

In grappling in recent years with the meaning of "questions of law" under § 1252(a)(2)(D), the Supreme Court has clarified that certain categories of challenges do not count. In *Patel*, for example, the Court held that federal courts lack jurisdiction to review facts found as part of removal proceedings. See 596 U.S. at 347. And, even more on point here, the Supreme Court made clear in *Wilkinson v. Garland*—a decision issued while Santiago Lopez's petition was pending—that the "discretionary determination on whether or not to grant cancellation of removal in [a] particular case is not reviewable as

a question of law." 601 U.S. 209, 225 n.4 (2024) (emphasis re-moved).

The stakes are high, then, in terms of deciding whether Santiago Lopez brings a substantive or procedural challenge to the immigration judge's step two determination that he does not merit a favorable exercise of discretion. If he is challenging the step two determination from a procedural standpoint, we have authority to review his petition. But not so if his petition presses a substantive challenge to the immigration judge's exercise of discretion to deny cancellation of removal.

We see Santiago Lopez's challenge as substantive—as a challenge to the immigration judge's exercise of discretion at step two. Foremost, Santiago Lopez never identifies what evidence the immigration judge allegedly ignored in assessing whether his family circumstances warranted cancellation of removal. Nor has our own review demonstrated any such procedural error. To the contrary, the immigration judge grappled with the facts Santiago Lopez presented in his testimony while also considering the particulars of his criminal history. There was no mischaracterization or omission of evidence. See *Martinez-Baez*, 986 F.3d at 976 (emphasizing that "the [Board] does not commit an error of law every time an item of evidence is not explicitly considered or is described with imperfect accuracy") (internal quotation marks omitted)).

In the final analysis, we have no authority to review Santiago Lopez's petition because, read most fairly, he is asking us to disagree with the immigration judge's discretionary assessment of his family circumstances. Congress reserved that

decision for the Executive Branch, and *Wilkinson* eliminates any doubt on the question. See 601 U.S. at 225 n.4.

C

We also reject Santiago Lopez's contention that we must terminate his removal proceedings because the Notice to Appear lacked a time and date for the initial hearing. Our case law is clear that the statutory requirement that a NTA include this information is a claim-processing rule, not a limit on our jurisdiction. This means that an objection to a violation of the rule can be forfeited if not raised in a timely manner. See *Ortiz-Santiago v. Barr*, 924 F.3d 956, 958 (7th Cir. 2019); see also *Arreola-Ochoa v. Garland*, 34 F.4th 603, 607 (7th Cir. 2022) (establishing that an untimely objection to a deficient NTA will be excused only if the petitioner provides "an excuse for the delay as well as [a showing of] prejudice from the lack of prompt information about time, place, or both").

Santiago Lopez did not object to the time and date omissions in his NTA until his appeal to the Board of Immigration Appeals. See *Arreola-Ochoa*, 34 F.4th at 608 (suggesting that the "outer limits" of timeliness "must fall between the earliest day possible after receipt of the Notice, on the one end, and the conclusion of proceedings before the immigration court, on the other"). And even then he did not attempt to excuse the untimeliness of the objection. Nor does Santiago Lopez attempt to explain how he suffered prejudice as a result of the defective NTA. See *id.* at 610 (explaining that "[p]rejudice in this situation does not have to be much (*i.e.,* a petitioner need not go so far as to show that the IJ's ultimate decision would have been different absent the defect), but it must be something").

For these reasons, we DENY the petition for review.